# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In re: SIMPLICITY CATERERS, LLC | ) | |
| | ) | Case No.: 19-82798-CRJ-11 |
| EIN: xx-xxx0065 | ) | |
| | ) | |
| Debtor. | ) | CHAPTER 11 |
| _____ | ) | |

**DEBTOR'S REQUEST FOR A STATUS CONFERENCE; AND
MOTION FOR LEAVE TO AMEND CHAPTER 11 PETITION
TO ELECT TREATMENT AS A SMALL BUSINESS DEBTOR PURSUANT TO
SUBCHAPTER V OF CHAPTER 11 OF THE BANKRUPTCY CODE**

COMES NOW Simplicity Caterers, LLC (the "Debtor"), and shows unto this Honorable Court the following:

## Background

1. On September 17, 2019 (the "Petition Date"), the Debtor commenced with this Court a voluntary case under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

2. This Court has subject matter jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Debtor is a government contractor headquartered in Madison County, Alabama, providing services to the Department of Defense and other government agencies.

4. According to the Debtor's bankruptcy schedules, as of the Petition Date, the Debtor owed creditors $288,315.83 (Doc. 1).

5. To date, creditors have filed proofs of claim in this case totaling $276,375.53 (*See* Claims Doc.).

6. The majority of the Debtor's debts relate to unpaid payroll taxes and are not consumer-related debt under the Bankruptcy Code. (*See* Doc. 1 and Claims Doc.).

## Basis for Relief

7. On August 23, 2019 the Small Business Reorganization Act (H.R. 3311; S. 1091) ("SBRA") became law, with an effective date of February 19, 2020 (the "Effective Date").

8. The Debtor filed its case approximately six months before SBRA's Effective Date.

9. SBRA does not preclude application of its amendments to cases pending as of the Effective Date or otherwise limit its application to cases filed after the law's Effective Date.

10. A bankruptcy court has published an opinion concerning whether a debtor may make the election sought in this Motion: on February 21, 2020, the Bankruptcy Court for the Central District of California entered an order in *In re Progressive Solutions, Inc.* 8:18-bk-14277-SC (Doc. 157) (Bankr.C.D.Cal.) stating that "this Court has found no legal reason to restrict a pending Chapter 11 case to re-designate to a Subchapter V case, on the facts underlying the Motion. No party has provided any legal reasoning to support a blanket prohibition of such re-designation by the Debtor." At p. 10.

11. That California Bankruptcy Court denied the debtor's motion on grounds that the movant did not need Court authorization to amend its petition and make this election: "As there is no legal requirement to have a court grant leave to amend the petition or schedules, and there are clear procedures for parties to later object to any amendments or designations (including a designation as a Subchapter V debtor within the new federal rules for the SBRA), this Court finds that the Motion is unnecessary and not required by law." At p. 11.

12. Should this Court concur with the opinion in *In re Progressive Solutions, Inc.*, the Debtor avers that it should be eligible to make such an election in this case.

### **Relief Requested**

13. The Debtor qualifies a "small business" under SBRA and the Bankruptcy Code.

14. Congress did not restrict SBRA elections to cases filed after February 19, 2020.

15. The Debtor believes that making the Subchapter V elections under SBRA will increase its likelihood of successfully confirming a plan of reorganization.

16. Allowing the Debtor to make this election will not harm the rights or interests of the Debtor's creditors or its bankruptcy estate; indeed, a confirmed plan of reorganization is in the best interest of the Debtor's creditors as liquidation would provide little to no distribution beyond administrative expenses.

17. The Debtor has previously filed a Disclosure Statement and a Plan of Reorganization. The Debtor will amend its Plan of Reorganization to comply with SBRA.

18. The Debtor seeks leave of this Court to amend its bankruptcy petition to elect treatment as a small business debtor pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code; or in the

alternative; the Debtor seeks an order from this Court denying such relief on grounds that the Debtor does not need relief from this Court to make the elections sought.

19. The Debtor respectfully requests this Motion be set for status conference to discuss procedure for such an election and the application of pending deadlines for the Debtor under SBRA.

WHEREFORE, premises considered, the Debtor requests that this Honorable Court enter an Order: setting this motion for status conference; granting the Debtor's Motion for Leave, or in the alternative, denying the Debtor's Motion for Leave on grounds that the Debtor does not need relief from this Court to make the elections sought; and granting such further relief as this Court deems just and proper.

Respectfully submitted this the 25th day of February, 2020.

/s/ Tazewell T. Shepard IV
Tazewell T. Shepard III
Tazewell T. Shepard IV
*Attorneys for the Debtor*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P. O. Box 19045
Huntsville, AL 35804
ty@ssmattorneys.com

## CERTIFICATE OF SERVICE

This is to certify that this the 25th day of February, 2020, I have served the foregoing pleading on all parties requesting notice, all parties listed on the Clerk's Certified Matrix and Richard Blythe, Office of the Bankruptcy Administrator, by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

/s/ Tazewell T. Shepard IV
Tazewell T. Shepard IV